UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY BENSON a/k/a | ) | |
| RICKEY BENSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 16-2214-JDT-cgc |
| VS. | ) | |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER TO MODIFY THE DOCKET,
DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS*,
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE,
DENYING PENDING MOTIONS AND
PROHIBITING FILING OF FURTHER MOTIONS UNTIL THE FILING FEE IS PAID

On April 1, 2016, Plaintiff Ricky Benson a/k/a Rickey Benson ("Benson"), booking number 15107847, who at the time of filing was incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Plaintiff filed two additional copies of his motion to proceed *in forma pauperis* on April 13, 2016 (ECF No. 5) and April 20, 2016 (ECF No. 9). The Clerk shall record the Defendants as the State of Tennessee; Shelby County; Shelby County Sheriff William Oldham; Chief Jailer Robert Moore; Lieutenant First Name Unknown ("FNU") Benn; Deputy Jailer Mr. FNU Brantley;

---

[1] In another of Benson's cases, *Benson v. Todd*, No. 16-2277-SHL-dkv, he notified the Court on June 23, 2016, that he had been released and provided a new address. The Clerk is directed to MODIFY the docket to reflect Benson's new address as provided in case number 16-2277 and to send this order to him at that address.

Deputy Jailer Mr. FNU Holmes; Deputy Jailer Mr. FNU Cooperwood; Deputy Jailer Ms. FNU Polk; Deputy Jailer Mr. FNU Hyman; and Grievance Coordinator Ms. FNU Woods.

Under the PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed at least three previous civil rights lawsuits in this district while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff

---

[2] *See Benson v. Luttrell, et al.*, No. 08-2825-JPM-dkv (W.D. Tenn. Jan. 9, 2009) (dismissed for failure to state a claim), *aff'd*, No. 09-5145 (6th Cir. Nov. 4, 2009); *Benson v.*

may not file any action in this district while he is still incarcerated in which he proceeds *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Benson alleges he is in imminent danger of physical harm due to threats to poison his food and because he allegedly is being set up to be killed by the Defendants due to statements in his grievances 401886 and 406325, which Benson contends were rejected as non-grievable by Defendant Woods to cover-up the civil rights violations by Defendants Brantley, Holmes and Cooperwood committed per the direction of Defendants Oldham, Moore, and Benn. (ECF No. 1 at 2-3.) Benson alleges that he was moved from 2-N-pod cell #9 to 2-M-pod cell #10, where Defendants Polk and Hyman were authorized to violate his civil rights because of Benson's grievances. (*Id.* at 3.) Benson contends that he is losing an excessive amount of weight due to not eating his breakfast and lunch because the State of Tennessee and Shelby County are paying Defendant Oldham and his subordinates to poison his food and to set him up to be killed. (*Id.*)

Benson seeks $1 million for assault, cruel and unusual punishment, abuse of authority, retaliation, personal animosity, discrimination, humiliation and embarrassment, intimidation, mental and emotional distress, and pain and suffering. (*Id.*)

Benson attached grievances 401866 and 406235. (ECF No 1-1.) In grievance 401866, filed on March 8, 2016, Benson alleges that he was moved due to their conspiracy of retaliation

---

*Luttrell, et al.*, No. 07-2790-SHM (W.D. Tenn. Sept. 11, 2008) (dismissed for failure to state a claim), *appeal dismissed*, No. 08-6277 (6th Cir. July 20, 2009), *cert. denied*, 130 S. Ct. 411 (2009); and *Benson v. Luttrell, et al.*, No. 04-2507-JPM-tmp (W.D. Tenn. Oct. 26, 2004) (dismissed for failure to state a claim).

from grievances filed previously. (ECF No. 1-1 at 1.) Benson contends that the new cell is unclean, the water does not work, and Defendants Brantley, Holmes, and Cooperwood attempted to harm him by confiscating Benson's tote which stores his legal mail, clothes, and commissary items. (*Id.*) Benson further alleges that he heard officers whispering in the hallway that Benson's food would be poisoned or they would set someone up to kill Benson whenever he left his cell. (*Id.*)

In grievance 406235, filed March 15, 2016, Benson alleges that Defendant Polk has been poisoning his breakfast and lunch, and then paying male officers to serve his food, which is causing Benson not to eat breakfast and lunch. (ECF No. 1-1 at 2.)[3]

This is the not the first time Benson has alleged in a conclusory manner that his food was being poisoned.[4] "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (same); *Chance v. Tennessee*, 47 F. App'x 762, 763 (6th Cir. 2002) ("Finally, Chance has not established that he falls within the 'imminent danger of serious physical injury' exception to § 1915(g). Chance's conclusory allegations that he was the target of a government-sponsored assault, or 'contract hit,' are completely unsupported by any evidentiary material and appear to be a thinly veiled rehashing of similar arguments made and rejected in his previous lawsuit . . . ."). Threats that an inmate will be injured in the future are insufficient to satisfy the "imminent danger" requirement. *See*, *e.g.*, *Rittner v. Kinder*, 290 F. App'x at 798; Davis v.

---

[3] Benson filed documents on April 13, 2016 and April 20, 2016 which were docketed as amended complaints. (ECF Nos. 4 & 7.) However, the complaints attached to those documents are merely copies of the original complaint.

[4] *See e.g. Benson v. Shelby County, et al.*, No. 14-2314-JDT-tmp (W.D. Tenn. Oct. 23, 2004) (*in forma pauperis* status denied for failure to plead imminent danger).

Cook, 4 F. App'x 261, 262 (6th Cir. 2001); *Johnson v. Anderson*, No. 2:09-CV-1441, 2009 WL 4064135, at *2 (E.D. Mich. Nov. 20, 2009); *Tucker v. Shaheen*, No. 09-12942, 2009 WL 3199688, at *3 (E.D. Mich. Sept. 30, 2009). Therefore, Benson's allegations are insufficient to satisfy the "imminent danger" exception to § 1915(g).

Benson has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Medical Mgmt*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot address its merits unless Benson first tenders the civil filing fee. Therefore, the applications for leave to proceed *in forma pauperis* are DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order.[5]

Benson has filed several other motions, including three motions for a "speedy civil docket, preliminary injunction/restraining order, intervention, trial discoveries order and appointment of counsel . . . and for Objection of U.S. Dist. Judge J.D. Todd being the Presiding Judge" of the case. (ECF Nos. 3, 6 & 8.)

Plaintiff contends the undersigned should recuse himself from this matter because of a complaint of judicial misconduct that was filed against him. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

---

[5] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

5

> personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;
> (5) He or his spouse . . . :
>   (i) Is a party to the proceeding . . . ;
>   (ii) Is acting as a lawyer in the proceeding;
>   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related

6

cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

The complaint of judicial misconduct that Benson cites as a reason for recusal in this case was filed by Benson himself because of the undersigned's unfavorable rulings in Benson's various cases. Thus, there is no valid basis for recusal in this matter. Plaintiff does not contend or offer any evidence that the undersigned has any personal bias against him arising out of the background or extrajudicial conduct of this judge. Therefore, the motions for recusal are DENIED. All other pending motions are also DENIED.

Benson is hereby PROHIBITED from filing further motions and documents in this case until the full filing fee of $400 is remitted. The Clerk is directed to file no further motions or documents in this case until the full filing fee is received.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).